### BARNARD & WIFE v. BOULWARE.

In an action of slander, the cause of action accrues from the time the slanderous words are spoken; and it will not take the plaintiff's case out of the Statute of Limitations, that the speaking of the words did not *come to his knowledge* until within a year before the commencement of the suit.

ERROR from the circuit court of Callaway county.

*Hayden,* counsel for plaintiff in error:

I shall insist upon the following points in this court as sufficient to entitle the plaintiffs to a reversal of the judgment of the circuit court:  1. I contend that the Statute of Limitations in the present case, does not operate as a bar, nor can it be successfully pleaded.  2. Supposing it may be pleaded, yet the proof offered by plaintiff ought not to have been rejected by the court.

*Leonard,* counsel for defendant in error:

In support of the judgment, the following points and authorities will be relied upon by the counsel for the defendant in error:  1. The plaintiffs having failed to reply to any of the exceptions in the statute, and the issue being whether the cause of action accrued within one year before the suit was commenced, evidence to bring the case within any of the exceptions was irrelevant to the issue, and inadmissible under the pleadings—1 Chit.

Plead. 502, 503; 3 Chit. Plead. 1160, 1162; Oathout v. Thompson, 20 Johns. Rep. 277.

2. Admitting the plaintiffs could have availed themselves of any of the exceptions in the statute without specially replying to the exception in answer to the plea, the evidence given did not bring the case within any of the exceptions—Rev. Stat. Limitations, art. 3, sec. 8; Arnold v. Scott, 2 Mo. Rep. 13.

3. To an action of slander by husband and wife for words spoken of the wife, the Statute of Limitations is a good bar, notwithstanding the coverture.

4. Admitting the coverture would have exempted the case from the operation of the statute, it ought to have been replied to the plea, and not having been replied, the plaintiff cannot have the benefit of the exception of the statute.

Tompkins, Judge, delivered the opinion of the court.

Barnard and wife sued Boulware in the circuit court, and judgment being there given against them, they come here to reverse that judgment. The action was for words spoken. The defendant pleaded, first, not guilty; secondly, that the cause of action did not accrue within one year, &c. The plaintiff took issue on the first plea, and replied to the second, that the cause of action did accrue within one year, &c. and issue was joined. On the trial of the cause, the plaintiffs offered to give evidence of words spoken by the defendant more than one year anterior to the commencement of this action. To this the defendant objected, and the circuit court sustained the objection. The plaintiffs excepted to the opinion of the court. The plaintiffs then offered evidence to prove that they were not informed of the speaking of these words till August, 1836, which is less than one year anterior to the time of commencing this action, and then offered to prove the speaking of the words by the defendant more than one year before the commencement of this suit. The defendant again objected, and the court sustained the objection. To this decision of the court the plaintiffs excepted. The plaintiffs then suffered a non-suit, and then moved to set it aside. Their motion was overruled, and it is assigned for error: 1. That the court refused to permit them to give evidence of words spoken by the defendant more than one year before the commencement of the action, after evidence had been given to prove that the plaintiffs had not been informed of

SEPT. TERM,
1838.

Barnard & wife
v.
Boulware.

In an action of
slander, the cause
of action accrues
from the time the
slanderous words
are spoken—and
it will not take
the plaintiff's
case out of the
statute of limita-
tions, that the
speaking of the
words did not
*come to his know-*
*ledge* until within
a year before the
commencement
of the suit.

the speaking of the words by the defendant till Augu.
1836. 2. That the court refused to set aside the non
suit. The statute provides that all actions for words
spoken, shall be commenced within one year after the
cause of action accrued and not after. It is an abuse of
language to pretend that the cause of action did not ac-
crue till the plaintiffs were informed that words had been
spoken. They might with propriety say that they did
not know they had cause of action till they had been in-
formed the words were spoken. Slanderous words that
are so long kept from the ears of the slandered person
are rarely calculated to do him much injury. When we
reflect how easy it is for a plaintiff to feign ignorance
of the speaking of such words, and how difficult it is to
prove his knowledge of the speaking, it does not seem
probable that the law-making power should intend to
strain language so far as to intend that the time when
the right of action accrued, was the time when the
plaintiff might come to the knowledge of the speaking
of the slanderous words. A proper command over the
tongue is, too, so rarely found, that a moralist would rather
be inclined to believe that the legislative body, even were
the language of the act ambiguous, intended to reward
with impunity the utterer of a slander, who had been so
prudent or so fortunate as to keep it a secret from the
injured person for the space of one year. But if the
plaintiff in this action and his counsel had thought other-
wise, it was clearly his duty to have pleaded specially
the matter of excuse for not bringing his action within
one year after the speaking of the actionable words. In
the 8th section of the 3d article of the act prescribing
the time of commencing actions, it is provided that if
any person, by absconding or concealing himself, or by
any other improper act of his own, prevent the com-
mencement of any action in this act specified, such ac-
tion may be commenced within the times herein respec-
tively limited after the time the commencement of such
action shall have ceased to be so prevented. It is not
pretended that the defendant in this cause either abscond-
ed or concealed himself. Had the words charged to be
spoken been calculated materially to affect the character
and standing of the plaintiffs in society, some friend, in
all probability, would have informed them, and in the ab-
sence of a friend to perform the kind office, it can scarce-
ly be imagined that an enemy could be wanting to per-
form the office of propagating slander. When these of-
fensive words were really spoken, we are not informed;

but the plaintiffs tell us in the bill of exceptions, that the knowledge of the speaking did not come to them till August, 1836, and it seems that their equanimity was so little disturbed by the information that they were not incited to action before the heat of the second summer, for their writ is dated on 7th June, 1837. The origin of all this far-fetched reasoning, which I have been called on to answer, is probably to be traced to the neglect of the plaintiffs to inform themselves when the words were spoken. Having neglected to allege specially in their replication their excuse for not commencing their action within the year after the words were spoken, which is the time when the right of action accrued, the plaintiffs were rightly prohibited by the court from violating one of the plainest rules of law, by giving evidence of matter of excuse under the issue here made that the actionable words were spoken within one year. It was also contended that the object of the slander, being a married woman, it is virtually her action and not the husband's, and that the act is no bar to the right of action. This argument was made, I suppose, without reflection.

For the reasons above given, I am of opinion that the circuit court committed no error against the plaintiffs, either in refusing to set aside the judgment of non-suit entered against them, or in excluding from the jury the proof that the knowledge of the speaking by the defendant of the offensive words, did not come to the ears of the plaintiffs till August, 1836, by way of excuse for not commencing their action within the year. Its judgment ought then, in my opinion, to be affirmed, and such being the opinion of the other members of this court, it is affirmed.