28052. JAMES *v.* BRANDON.

DECIDED FEBRUARY 17, 1940.

*Linton S. James, Joe Hill Smith,* for plaintiff.

*Reuben R. Arnold, Morris Brandon Jr., Frank A. Hooper Jr., B. D. Murphy, Allen Post, Robert B. Troutman,* for defendants.

FELTON, J. 1. On demurrer the petition is to be construed strongly against the plaintiff. It does not allege how or to whom the writing was published and issued, and in view of the allegation that the appointment of the committee was illegal it will be construed to mean that the committee delivered its reports and findings personally to the judges by whom the committee was appointed. There is no allegation in the petition that the writing was filed in the office of the clerk of the court or otherwise published. This construction is required because if the · plaintiff chooses to assume a burden not placed upon him by law, namely, that of negativing the defense which he anticipates, he will be deemed to be relying on the charge as construed in connection with the anticipated defense. If such defense is not successfully negatived, the petition is subject to general demurrer. *Columbian Mutual Life Insurance Co.* v. *Carter,* 58 *Ga. App.* 150 (197 S. E. 925). By the Code, § 9-505, the court is given authority to remove an attorney at law on its own motion. It follows that it may do everything reasonably necessary to the exercise of that power. A reasonable incident to the exercise of that power involves the right to investigate the conduct of an attorney whose removal or suspension is under consideration. The personal report to the court of a committee appointed by it to do such investigating is as privileged as a formal charge filed by the court or other person authorized to do so or as any other judicial proceeding would be, so far as libel is concerned. Since the petition does not allege why the appointment of the committee was illegal, and does not allege a publication otherwise than by a personal delivery of the report to the judges, the action was subject to general demurrer.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*