Irvine H. Saypol, J.
The cross motion by the defendant for an order dismissing the complaint is granted.
The complaint alleges that plaintiff is an attorney who was admitted in 1951 and maintains an office at 19 W. 44 St. The defendant here sued Eastern Properties Improvement Corp. (EPIC) in September, 1965 on a promissory note; Sullivan was EPIC’s lawyer; in October and December, 1965, the defendant entered into a scheme to falsely and maliciously injure the plaintiff; that the defendant published a complaint regarding his conduct to the Bar Association of the City of New York (the Association of the Bar of the City of New York, hereafter the Uptown Association) and to the Brooklyn Bar Association (hereafter the Brooklyn Association); that the complaint to the Uptown Association was filed in October, 1965 and that the plaintiff personally appeared there on October 25, 1965; that early in November, 1965, the plaintiff was advised that the complaint against him was being dismissed; that on December 2,1965 the defendant filed a new complaint with the Brooklyn Association, of which a copy is attached to the instant complaint as an exhibit; that this was done after the defendant had been advised that the Uptown Association intended to take no action on her complaint.
The plaintiff then sets forth seven portions of the complaint to the Brooklyn Association allegedly libelous, with malice, with knowledge of falsity and demanding $500,000 as damage.
These allegations are repeated in a second cause of action for malicious prosecution, malice is alleged, as is lack of jurisdiction in the Brooklyn Association and damage of $500,000 is claimed.
The allegations are repeated in a third cause of action for abuse of process.
The answer to the complaint was served on January 3, 1967. In addition to denials, the defendant alleges that her representative appeared before the Uptown Grievance Committee on October 6, 1965, relative to the professional conduct of the plaintiff and one John E. Porte, who had been admitted in the Second Department; that on November 5, 1965, the Uptown Committee referred the matter to the Brooklyn Association’s Grievance Committee; that the latter asked her to ' put her grievances in writing and that she complied and mailed the document supplied by the Brooklyn Committee to the latter on November 30,1965,
*480 Foui’ affirmative defenses are interposed in the answer:
1. That none of the alleged causes of action are sufficient in law.
2. That the Statute of Limitations is a bar.
3. Absolute privilege is a complete defense.
4. Qualified privilege is also a complete defense.
This lawsuit is the sequel to the present defendant’s action against EPIC. She prevailed on her motion for summary judgment and the order was affirmed (24 A D 2d 704). Throughout that litigation this plaintiff made the representation as a matter of defense on behalf of - EPIC and most graphically portrayed in his affirmation of January 15, 1965, on knowledge, to the Appellate Division, First Department, on an" application for a stay pending appeal from the order granting summary judgment: “.19. The defendant corporation has no record of the so-cálled June 27, 1961 note and became aware of such note only upon receipt of the September 4th letter and it is during the month of September specifically the 29th of September, 1964, when this lawsuit was brought.”
It is clearly and irrefutably shown here by reference to documentary evidence such as the annual accountants’ statements for the corporation for the years 1962, 1963, and 1964, all filed with the Securities and Exchange Commission and other agencies of government that the note obligation was a listed liability of EPIC. This contradiction was the basis for this defendant’s subsequent charge of misrepresentation to both Bar Associations.
One other significant subject should be resolved at once. In his complaint and throughout these voluminous motion papers the plaintiff reiterates that the Uptown Association dismissed the grievance complaint. The fact is otherwise. The letter, dated November 5, 1965, of the Uptown Association’s Grievance Committee over the signature of John Gr. Bonomi, Chief Attorney, in its concluding paragraph after a two page review of the facts states in part “ [W]e are forwarding the matter to you for such action as you deem warranted.” After consideration and hearing the Brooklyn Association dismissed the grievance complaint. It is - conceded that both grievance complaints are identical.
The court concludes that the first cause of action for libel is insufficient, its maintenance is time-barred, it is not a second complaint and it is subject to the defense of absolute privilege.
This action was commenced by delivering the complaint to the Sheriff on December 2, 1966. It was not until June 17, 1966 that the Brooklyn Association dismissed the grievance *481 complaint before it. That complaint had been mailed by the defendant on November 30,1965. This is the critical date on the question of limitation of time.
11 Printing a libel is regarded as a publication when possession of the printed matter is delivered with the expectation that it will be read by some third person, provided that result actually follows.” (Youmans v. Smith, 153 N. Y. 214, 218.)
Analogous to news media, the time of a publication is the time when the written matter reaches the newstand or is otherwise available for reading. The writer or publisher is divested of control when mailing occurs (Weidman v. Ketcham, 278 N. Y. 129). Thus November 30, 1965, the date of mailing to the Brooklyn Association is the pivotal date. The one-year limitation ran from that date (CPLR 215; Morrison v. National Broadcasting Co. 19 N Y 2d 453) and delivery of the summons, to the Sheriff on December 2,1966, was untimely.
There is no direct precedent in this State for the holding that a grievance committee proceeding is absolutely privileged. In Youmans v. Smith (supra) there was a petition before the General Term of the Supreme Court alleging disreputable and unprofessional conduct and asking disbarment. It was there decided that counsel and parties conducting judicial proceedings enjoy an absolute privilege irrespective of motive if the matter is pertinent. There such proceedings were maintained in the Supreme Court. Now, pursuant to Judicary Law, section 90, such proceedings are properly directed to Bar Associations through their grievance committees as the forum for such action and as the arm of the Appellate Division for that purpose. The plaintiff relies on Sassower v. Himwich (236 N. Y. S. 2d 491, 494). That case involved, among other matters, a cause in libel stemming from a complaint before the Grievance Committee of the Association of the Bar of the City of New York. Special Term rejected the proposition as enunciated in Toft v. Ketchum (18 N. J. 280) to the effect that any complaint before the Grievance Committee was absolutely privileged. But Special Term did not rest on that proposition disposing of the ease on the defense of qualified privilege, finding the defendant there free of malice and bad faith. Sassower was affirmed without opinion (19 A D 2d 946). That affirmance did not necessarily constitute an approval of Special Term’s obiter dictum. The latter dictum was based on the holding in Pecue v. West (233 N. Y. 316) where the offending statements were to a District Attorney which the court held not to be a judicial proceeding. The abundance of authority which recognizes the absolute privilege supports the conclusion that *482 absolute privilege is a valid defense here (3 Restatement, Torts, §§ 585, 586, 587, 588; Ramstead v. Morgan, 219 Ore. 383; Ann. 77 ALR 2d 488, 493; Little v. Allen, 149 Kan. 414; James v. Brandon, 61 Ga. App. 719; Cowley v. Pulsifer, 137 Mass. 392; Wilson v. Whitacre, 4 Ohio Cir. Ct. R. 15; Toft v. Ketchum, 18 N. J. 280; Lilley v. Roney, [1892] 61 L.J.Q.B.D. 727; Addis v. Crocker, [1960] 2 All E.R. 629; cf. Shapiro v. Health Ins. Plan, 7 N Y 2d 56).
The second cause of action for malicious prosecution is equally affected by the defense of absolute privilege. Additionally, it is vulnerable because' the first complaint to the Uptown Association, as already established, was not dismissed. On the reference to the Brooklyn Association, control passed to the latter and having made the same disclosures as to the first Bar Association (Hopkinson v. Lehigh Val. R.R. Co., 249 N. Y. 296) there is a failure to state a case. Moreover, the insufficiency is emphasized by the deficiency suggested in Metromedia, Inc. v. Mandel (21 A D 2d 219, affd. 15 N Y 2d 616) viz. a lack of any allegation of subjection to interference with person or property such as by utilization of some provisional remedy.
The third cause of action for abuse of process fails to state a cause of action, and it also is subject to the defense of limitation of time. There is no shown infirmity in the process by diverting it to an ulterior purpose (Hauser v. Bartow, 273 N. Y. 370).
The adjective motions on both sides relating to discovery, disclosure and protective orders are mooted by this disposition and accordingly dismissed. Incidentally, that branch of plaintiff’s motion for a protective order connected with his motions in the two Appellate Divisions for orders for pretrial examination of the two Bar Associations, which have been denied (N. Y. L. J., March 10, 1967, p. 16, col. 1; N. Y. L. J., March 22, 1967, p. 19, col. 8) becomes moot thereby.
In summary, the defendant’s cross motion for summary judgment is granted and the plaintiff’s motion for summary judgment is denied.