**Fred CHIEI, Appellant,**

v.

**John STERN, Appellee.**

**John STERN, Cross-Appellant,**

v.

**Fred CHIEI, Cross-Appellee.**

**Nos. 2710, 2711.**

Supreme Court of Alaska.

April 1, 1977.

David Shimek, of Matthews, Dunn & Baily, Anchorage, for appellant/cross-appellee.

Charles P. Flynn, of Burr, Pease & Kurtz, Anchorage, for appellee/cross-appellant.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

CONNOR, Justice.

This appeal and cross-appeal were taken from a judgment dismissing an action for libel because it was barred by the statute of limitations. We affirm.

On April 14, 1972, defendant Stern wrote a letter to Chiei's employer, accusing Chiei

---

of conduct which was "highly unethical and a gross impropriety."[1] On April 21, the employer wrote a letter to Stern in which he acknowledged that he had received the April 14 letter. On May 3, 1974, Chiei filed the complaint in the instant case.

AS 09.10.070 establishes a two-year statute of limitations for actions for libel. Normally the period begins to run when the libel is "published." *See* W. Prosser, The Law of Torts § 113, at 766–71 (4th ed. 1971). "Publication" imports communication to a third party, but courts have differed on exactly when it occurs. *Compare, e. g., Sullivan v. Crisona,* 54 Misc.2d 478, 283 N.Y.S.2d 62, 65 (Sup.Ct.1967) (mailing) *with Brown v. Chicago, R.I. & P.R. Co.,* 212 F.Supp. 832 (W.D.Mo.), *aff'd,* 323 F.2d 420 (8th Cir. 1963) (receipt). *See generally* Annot., 42 A.L.R.3d 807, 832–33 (1972). In the instant case each rule will yield the same result. The recipient of the letter in question wrote his reply, acknowledging that he had received and read the letter, on April 21, 1972. Applying the rule and inference most favorable to plaintiff Chiei, "publication" of the alleged libel occurred on April 21, 1972, more than two years before Chiei filed suit. Thus the action appears to be barred by the statute of limitations.

Chiei suggests two grounds which would permit him to maintain the action despite the prima facie bar of the statute: (1) that the statute was tolled by his Civil Rule 27 petition to perpetuate testimony, and (2) that Stern is estopped to plead the statute.

■ On February 13, 1974, Chiei filed a petition in the superior court under Civil Rule 27, seeking to take depositions prior to the filing of the complaint concerning the subject matter at issue. He alleged that he could not file his complaint until he knew the precise contents of the allegedly libelous letter, and sought to learn its contents by taking four depositions.

Chiei argues that his action was "commenced," and the running of the statute of limitations was tolled, when he filed the Rule 27 petition. This is not a correct statement of the law. Civil Rule 3 states in its entirety: "A civil action is commenced by filing a complaint with the court." In *Silverton v. Marler,* 389 P.2d 3, 5 (Alaska 1964), we held that in Civil Rule 3 was to be found the definition of the term "commenced" as used in statutes of limitations.

A Rule 27 petition is not the substantive equivalent of a complaint. Although it describes the subject matter of the proposed suit, and names the putative adverse parties, it does not specify the type or the amount of relief sought, nor is it subject to the technical requirements of jurisdiction and venue which apply to actions commenced by complaint. It may be filed by a person who believes himself a potential defendant, as well as by a potential plaintiff. *Martin v. Reynolds Metals Corp.,* 297 F.2d 49, 55 (9th Cir. 1961) (interpreting Federal Rule 27, which is similar to the Alaska rule). It is intended to serve different purposes from a complaint, and we decline to deem a Rule 27 petition a complaint for the purposes of Rule 3 and the statutes of limitations. *See* 4 *Moore's Federal Practice* ¶ 27.-03 (2d ed. 1976).

■ Chiei's second point is in the nature of equitable estoppel. He asserts that Stern assured him that the allegedly libelous statements would be retracted. In reliance on Stern's assurances, Chiei says, he did not seek legal counsel to file a civil action. We recognized in *Groseth v. Ness,* 421 P.2d 624, 630 (Alaska 1966), that a party who fraudulently conceals from a plaintiff the existence of a cause of action, may be estopped to plead the statute of limitations if the plaintiff's delay in bringing suit was occasioned by reliance on the false or fraudulent representations. In this case, however, Chiei concedes that in February 1974, before the statute had run, at the time he filed his Rule 27 petition, he was aware that Stern would not retract his statements and that recourse to the courts would be neces-

---

1. The details of the alleged libel, which have never been aired in an adversary hearing, are not relevant to our disposition of the case. In fairness to the parties, we do not set them forth in this opinion.

sary. Although he did not have a copy of the letter, Chiei admitted that from shortly after the time the letter was written, he knew of the letter's existence, knew its contents, and knew that it had reached its intended recipient. His only reason for not filing his action at that time apparently was his erroneous belief that the law required that he possess a copy of the letter before bringing suit. Stern was in no way responsible for this, so Chiei's defense of equitable estoppel must fail.

Since we hold that the action was barred by the statute of limitations, we do not consider Stern's cross-appeal, in which he argues that the allegedly libelous statements were privileged.

AFFIRMED.