**Ernest C. JONES, Plaintiff/Appellant,**

**v.**

**PINKERTON'S, INC.,
Defendant/Respondent.**

**No. WD 35514.**

Missouri Court of Appeals,
Western District.

May 21, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
July 2, 1985.

Application to Transfer Denied
Dec. 17, 1985.

Dennis G. Muller, Kansas City, for plaintiff/appellant.

Don B. Roberson, John P. Poland (argued), Kansas City, for defendant/respondent.

Before LOWENSTEIN, P.J., and SOMERVILLE and NUGENT, JJ.

NUGENT, Judge.

Plaintiff Ernest Jones appeals from a grant of summary judgment in favor of defendant Pinkerton's, Inc. The trial court held that Mr. Jones' libel action is barred by the statute of limitations. § 516.140. Mr. Jones on appeal argues that § 516.100 dictates that his cause of action accrued at a later date than the date of accrual found by the trial court and, therefore, his action is not barred by the statute of limitations. We agree, reverse and remand for trial.

Plaintiff is an accountant and former employee of Farmland Industries, Inc., which hired him in June of 1974 and dismissed him on November 27, 1974. Mr. Jones' dismissal followed receipt by Farmland of defendant Pinkerton's investigative report about him. Mr. Jones alleges that the report libels him.

Pinkerton's report reveals that it consciously sought to keep the plaintiff from discovering its investigation. In fact, Mr. Jones was unaware of the investigation while it was being conducted. Once Pinkerton had made its final report, Farmland decided to dismiss the plaintiff. Farmland also sought to prevent the plaintiff from learning of the investigation and report.

Plaintiff Jones' affidavit in opposition to defendant's motion for summary judgment discloses the following facts. Defendant does not dispute the accuracy of the affidavit.

On November 27, 1974, Farmland's corporate attorney, Robert Gowdy dismissed plaintiff. Mr. Jones' immediate supervisor, Henry Springe, and the corporation's director of personnel were also present at the firing. After being told that his services were no longer required, Mr. Jones asked for an explanation of his termination. The only answer that he received was that his employment application was incomplete. Later, Mr. Jones questioned Mr. Springe on the subject. He replied that Mr. Jones knew as much about the situation as they did. Mr. Springe also indicated that he could not talk about the matter.

Several weeks later, in a chance encounter Mr. Jones asked his former assistant why he had been fired. The assistant responded that he did not know and that management would not discuss it. Mr. Jones then wrote to the company president asking for an explanation. In response he received a service letter dated January 9, 1975, which revealed the fact of the defendant's investigation and report. Defendant does not contend that plaintiff could have become aware of the investigation and report at any time before receipt of the service letter.

On January 6, 1977, Mr. Jones filed his first Missouri action for libel in Jackson County, but he voluntarily dismissed that action without prejudice on August 26, 1981, and filed the present action on October 21, 1981. On September 15, 1983, defendant moved for summary judgment on the ground that plaintiff's action was barred by the statute of limitations. § 516.140. Defendant argued that plaintiff's action accrued for purposes of the statute of limitation when defendant's report was delivered to Farmland sometime before November 24, 1974. The court sustained the motion and entered judgment for defendant.

Plaintiff raises several interrelated points on appeal, since plaintiff's first point is decisive we need only address it. He argues that under § 516.100 his action did not accrue when defendant's alleged libelous report was published because his damage was not sustained and capable of ascertainment until he received the service letter of January 9, 1975. He contends that his cause of action was not discoverable and could not be discovered despite his inquiry until Farmland revealed the fact of defendant's report in January.

■ Although summary judgment is a drastic remedy and is not generally favored, where the material facts involved in the case are not in dispute, as in this case, it is an appropriate remedy for the assertion of an affirmative defense entitling the party to judgment as a matter of law. *Blanks v. Cantwell*, 578 S.W.2d 349, 350 (Mo.App.1979); Rule 74.04.

The major question we address in this appeal is at what time plaintiff's libel action accrued for purposes of § 516.100 and § 516.140.[1] The trial court held that it accrued when defendant delivered or published its report to Farmland. Plaintiff argues that it did not accrue until he received the January 9, 1975, service letter because only then did he discover his cause of action.[2]

■ Section 516.140 provides that actions for libel be brought within two years. § 516.100 provides that for purposes of §§ 516.100 to 516.370, including § 516.140, a cause of action shall not accrue when the wrong is done but when the resulting damage is "sustained and capable of ascertain-

ment." Therefore, for purposes of § 516.140, a cause of action for libel must be brought within two years of the date that the resulting damage is "sustained and capable of ascertainment."

■ Defamation is an invasion of a plaintiff's interest in reputation which is a relational interest involving community opinion of the plaintiff. W. Prosser, *Torts* at 737 (1971). An essential element of the tort is that the alleged defamatory material or statement be communicated or published to a third person. *Id.* at 766. Plaintiff's reputation interest is invaded at the time of publication, and arguably that is the time when his damage is sustained. But, in view of the statutory language "when the damage resulting therefrom is sustained *and* is capable of ascertainment" the question is: When does plaintiff's libel action accrue for purposes of § 516.100, that is, when does the statute begin to run? Could plaintiff's cause of action have accrued by reason of defendant's delivery of the report to Farmland, as the trial court ruled, or did it accrue when the plaintiff received the January 9, 1975, service letter?

Professor Davis in his article *Tort Liability and the Statutes of Limitations*, 33 Mo.L.Rev. 177 (1968) at 187–88, identifies four events that will trigger the running of statutes of limitation. First is the commission of the wrong; second, the sustention of injury; third, the substantial completion of injury to plaintiff; and fourth, the plaintiff's discovery that he has been aggrieved. The Missouri statute, § 516.100, causes the statute to begin to run when the damages

1. All sectional references are to Revised Statutes of Missouri, 1978.

   § 516.100 provides as follows:
   "Civil actions, other than those for recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes shall have accrued; provided, that for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of dam-

   age, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained."
   During all the time relevant to this case, in its pertinent part, § 516.140 has provided as follows: "Within two years: An action for libel, slander, assault, battery, false imprisonment or criminal conversation.

2. Mr. Jones refiled his action within a year of his voluntary dismissal of his first action thus coming within the terms of § 516.230. *Turner v. Missouri-Kansas-Texas R. Co.*, 346 Mo. 28, 142 S.W.2d 455, 459 (1940).

are complete *and* capable of ascertainment. Discerning the meaning of the test based on "capable of ascertainment" has posed considerable difficulty in a number of cases. *See, Martin v. Crowley*, No. WD 35,713, slip op. at 4–9 (Mo.App. April 2, 1985), for Judge Clark's survey of the modern Missouri decisions on the issue.

*Martin* is analogous to the case at hand and points the way to applying the test to these facts. In that case, the plaintiff hired the defendant, a company of surveyors, licensed engineers and architects, to survey his unimproved lot in order properly to locate a house. The defendants picked the site on the lot on which the house was built. As a result of a dispute with his neighbors, plaintiff later discovered that the house was too close to the property line. This caused a lowering of his property's fair market value.

Judge Clark's opinion holds that the statute was tolled until the plaintiff found out about the error. *Id.* slip op. at 10. He explained that "capable of ascertainment" applies both to the wrong committed and to the loss suffered; during the time when either is unascertainable the statute is tolled. *Id.* slip op. at 9. Part of the court's decision rests upon its finding that plaintiff is under no duty to check the work of experts or professionals he has hired unless circumstances suggest to plaintiff an error or omission. *Id.* slip op. at 9–10. *See also Anderson v. Griffin, et al.*, 684 S.W.2d 858 (Mo.App.1984); *Thorne v. Johnson*, 483 S.W.2d 658 (Mo.App.1972).

■ The present case does not involve an error committed by an expert or professional, but it does present circumstances where the alleged wrong, the existence of the libel and any damage to his reputation, were not ascertainable by Mr. Jones. The actions of plaintiff's employer and the defendant prevented plaintiff from becoming aware of defendant's report. Therefore, the action of Farmland and defendant erected an intervening screen hiding any wrong done plaintiff. Until he received the service letter on January 9, 1975, plaintiff

had no notice of his cause of action, and the statute was tolled until that notification. *Martin v. Crowley, supra*, slip op. at 10. Our decision here is consistent with *Krug v. Sterling Drug, Inc.*, 416 S.W.2d 143, 150 (Mo.1967), where the Supreme Court held that the plaintiff must have some notice of his cause of action, either an awareness that he has suffered an injury or that he has suffered a legal wrong.

Plaintiff was unaware here because factors outside of his control prevented his ascertainment of any legal wrong. A similar case involving a screening situation is *Fichtner v. Mohr*, 223 Mo.App. 752, 16 S.W.2d 739, 741 (1929). There plaintiff sued for monies she had deposited in an insolvent bank. At the time plaintiff made the deposit, the bank's insolvency was known only to the defendants. It was not made public until the bank was liquidated several years later. In the liquidation, plaintiff received only part of her deposit. The court rejected defendant's argument that her cause accrued for purposes of the statute of limitations when the money was deposited, holding, instead, that it accrued when the insolvency was revealed by the authorities. The court reasoned that proper construction of "capable of ascertainment" depends upon the meaning of "ascertainment", which means either known or made certain. *Id.* 16 S.W.2d at 741. Like Mrs. Fichtner, Mr. Jones could not have known of his cause of action because factors outside of his control prevented his ascertainment of any libel.

To hold, as defendants would have us do, that Mr. Jones' action accrued when defendant's report was delivered to Farmland would mean that a defendant could prevent a plaintiff from knowing that he has suffered a legal wrong for the applicable time period and thus deprive plaintiff of his right to bring the action. We decline to hold that a wrongdoer may hide his offensive conduct from an aggrieved person and thus avoid liability for his wrongdoing on the basis of the statute of limitations.

Nevertheless, we do not equate "capable of ascertainment" with a discovery test, a result specifically rejected in *Jepson v.*

*Stubbs,* 555 S.W.2d 307, 311–12 (Mo.1977) (en banc). Application of a discovery rule, places accrual at the time when the reasonably diligent plaintiff in the circumstances would uncover his wrong or damage. *See* Davis, *Tort Liability and the Statutes of Limitations,* 33 Mo.L.Rev., *supra,* at 188. The principle developed here is that the statute is tolled when factors outside plaintiff's control prevent his knowing either that he has suffered a legal wrong or that he has been damaged because of a legal wrong.

The defendant relies upon three cases for its contention that plaintiff's cause of action accrued under § 516.100 at the time of publication or at the time he was fired, both times placing plaintiff's first filing of his action outside of § 516.140. Defendant mainly relies upon *Barnard v. Boulware,* 5 Mo. 454 (1838). The court held there that plaintiff's mere ignorance of alleged slanderous words did not prevent the running of the statute of limitations. *Barnard* is obviously inapplicable here because it was decided before the change in the law in 1919 with the enactment of § 1315, the present § 516.100. Moreover, in any event, the *Barnard* decision is not inconsistent with our decision. The actual holding of *Barnard* is that the mere ignorance of the plaintiff will not prevent the running of the statute of limitations. *Id.* at 456. We agree, and that holding is consistent with later decisions of the Supreme Court involving other causes of action. *See Chemical Workers Basic Union Local No. 1744 v. Arnold Savings Bank,* 411 S.W.2d 159, 164 (Mo.1966).

Our case is not just one of a merely ignorant plaintiff but a case where an intervening factor outside his control blocks ascertainment of his cause of action. In *Barnard* the plaintiff only argued that he did not know of the alleged slander until after the statute had run. In fact, the court concludes that the plaintiff's own neglect likely caused his ignorance. *Id.* at 456. Mr. Jones' ignorance here did not stem from his own neglect.

The plaintiff also relies upon *Brown v. Chicago, Rock Island & Pacific Railroad Co.,* 212 F.Supp. 832 (W.D.Mo.1963), *aff'd,* 323 F.2d 420 (8th Cir.1963), in which the district court held that Missouri's two year statute of limitations, § 561.140, barred plaintiff's libel action. The court held that plaintiff's ignorance of the alleged libel, a defamatory letter, did not prevent the accrual of the cause of action. The opinion only gives a very brief statement of the facts and most of the opinion deals with the issue of when publication of the alleged defamation occurred. Nothing in the facts indicates that knowledge of the alleged defamatory letter was hidden from the plaintiff by an intervening screen erected by persons or events outside plaintiff's control. The *Brown* case is, therefore, inapposite.

Finally, defendant cites *White v. Fawcett Publications,* 324 F.Supp. 403 (W.D.Mo. 1970), which concerned the publication in the defendant's nationally distributed magazine of an allegedly libelous article concerning the plaintiff. There plaintiff sought to avoid the application of § 516.-140, but he never asserted that his cause of action accrued at a later date because of § 516.100. The case is not in point since our decision solely concerns the application of § 516.100. Even if the argument had been raised in *Fawcett,* it would certainly have failed because the alleged libelous story appeared in a national publication and it was obviously capable of ascertainment.

∎ Defendant finally argues that this court should not consider plaintiff's affidavit filed in opposition to defendant's motion for summary judgment since it does not specifically state that it is made on the personal knowledge of the plaintiff as required by Rule 74.04(e), which in pertinent part provides: "Supporting and opposing affidavits shall be made on personal knowledge." Plaintiff's affidavit consistently discusses events and conversations in which plaintiff was personally involved. Even though no specific statement in the affidavit indicates that it is made on personal knowledge, the entire affidavit concerns only events and conversations in which plaintiff personally took part.

Rule 74.04(e) only requires that affidavits be made on personal knowledge; it

does not by its terms require that the affidavit contain a specific statement saying that the affidavit is made on personal knowledge. *See Bakewell v. Missouri State Employees' Retirement System,* 668 S.W.2d 224, 227 (Mo.App.1984). To have such a statement in the affidavit may be the wisest course, but its absence is not fatal.

Defendant relies upon *Allen v. St. Luke's Hospital of Kansas City,* 532 S.W.2d 505, 507 (Mo.App.1975), which held that the affidavit at issue was not made on personal knowledge. That case is distinguishable because, although the court did state that the affidavit contained no declaration that it was made on personal knowledge, it was totally devoid of any indication that the affiant had personal knowledge of the events described. Without a declaration stating that the affidavit was made on personal knowledge, the court had to conclude that it did not comply with Rule 74.04(e).

Accordingly, we reverse the judgment in favor of defendant and remand the case for trial.

All concur.