David G. KENNEDY, M.D., and David G. Kennedy, M.D., P.C., Plaintiffs/Appellants,

v.

MICROSURGERY AND BRAIN RESEARCH INSTITUTE and Gregory J. Bailey, M.D., Defendants/Respondents.

No. ED 76513.

Missouri Court of Appeals, Eastern District, Division Five.

March 21, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 2000.

Application for Transfer Denied June 27, 2000.

---

Al W. Johnson, Romondous A. Stover, Carl W. Becker, St. Louis, for appellant.

Joseph H. Mueller, Leo V. Garvin, St. Louis, for respondents.

MARY RHODES RUSSELL, Chief Judge.

David G. Kennedy, M.D. and David G. Kennedy, M.D., P.C. (collectively "Dr. Kennedy") appeal the trial court's judgment granting the motion to dismiss of Microsurgery and Brain Research Institute and Gregory J. Bailey, M.D. (collectively "Dr. Bailey") in Dr. Kennedy's action for slander, injurious falsehood, and injunctive relief. The trial court granted the motion on the basis that Dr. Kennedy's action was barred by the statute of limitations. We find that Dr. Kennedy's claim was filed less than two years after the damages were sustained and capable of ascertainment and, therefore, not barred. We reverse and remand.

Dr. Kennedy performed surgery on George Conway ("patient") in March 1995, and continued to treat him until April 1996. In June 1996, patient's wife informed Dr. Kennedy that patient was currently seeing another doctor because his insurance company would no longer pay for Dr. Kennedy's medical services. Dr. Kennedy also spoke with patient, who reiterated the same explanation.

Dr. Kennedy heard nothing further until patient filed a medical malpractice lawsuit against Dr. Kennedy in October 1997. In his petition, patient alleged, *inter alia,* that the surgery Dr. Kennedy performed on him was unnecessary.

Patient's wife, in a September 1998 deposition, testified that Dr. Bailey informed them between May 1 and September 15, 1996, that Dr. Kennedy had performed "unnecessary" surgery on patient. Dr. Bailey further stated that Dr. Kennedy had done so solely for "monetary" purposes.

Dr. Kennedy filed suit against Dr. Bailey, six weeks after learning of the statements. The suit filed in October 1998, alleged claims for slander, injurious falsehood, and injunctive relief. Dr. Bailey filed a motion to dismiss, alleging that Dr. Kennedy's petition failed to state a cause of action, and that the claims were barred by the statute of limitations. The trial court dismissed Dr. Kennedy's petition, basing its decision upon the statute of limitations issue. This appeal followed.

In his first point on appeal, Dr. Kennedy argues the trial court erred in dismissing his petition as untimely in that the facts demonstrate he instituted suit less than two years after his damages were ascertained which is within the limitations period provided in section 516.140 RSMo 1994.[1]

---

1. All further statutory references are to RSMo 1994 unless otherwise indicated.

Our review of the dismissal of a petition as being time-barred by the expiration of the applicable statute of limitations requires an examination of the pleadings, allowing them their broadest intendment, regarding all facts alleged as true, and construing the allegations in favor of the plaintiff. *Dice v. Darling*, 974 S.W.2d 641, 643 (Mo.App.1998). When an affirmative defense is asserted, such as a statute of limitations, the petition may not be dismissed unless it clearly establishes on its face, and without exception, that the action is barred. *Id.* For an affirmative defense to be sustained upon a bare motion to dismiss, the defense must be irrefutably established by the plaintiff's pleadings. *Lehnig v. Bornhop*, 859 S.W.2d 271, 272 (Mo.App.1993).

There is no dispute that the two-year statute of limitations provided in section 516.140 applies to Dr. Kennedy's claim for slander. The issue is when that statute began to run.

In Missouri, a statute of limitations is generally triggered not by the discovery of damage, but by the commencement of the right to sue. *Business Men's Assur. Co. v. Graham*, 984 S.W.2d 501, 507 (Mo. banc 1999). These two events do not necessarily coincide. *Id.* The triggering of the commencement of the right to sue is when the damage is sustained and becomes capable of ascertainment. *Id.* Damages are ascertained when the fact of damage appears, not when the extent or amount of damage is determined. *Thurston v. Ballinger*, 884 S.W.2d 22, 26 (Mo.App.1994).

Dr. Kennedy argues his damages were not ascertainable until September 1998 when he received a copy of patient's wife's deposition in which she had testified to Dr. Bailey's allegedly defamatory statements. Until that time, Dr. Kennedy was prohibited from ascertaining his damage as patient and his wife gave misleading explanations as to why they switched doctors. Dr. Kennedy filed suit within six weeks of ascer-

taining his damage. Therefore, he concludes his claim is not time-barred.

Dr. Bailey counters that the statute of limitations for slander and libel claims begins to run at the time of publication, as that is when the damages are capable of ascertainment. Dr. Kennedy filed suit more than two years after the statements were made and failed to plead an exception that would toll the statute of limitations. Therefore, he maintains Dr. Kennedy's claim is time-barred.

Both parties rely on *Jones v. Pinkerton's Inc.*, 700 S.W.2d 456 (Mo.App.1985). In *Jones*, the plaintiff was dismissed by his employer in November 1974 following the employer's receipt of an investigative report compiled by Pinkerton's. Jones asked for an explanation of his termination and was told his employment application was incomplete. He inquired again about his termination on two separate occasions but was given no further explanation. Finally, Jones received a service letter dated January 9, 1975, which revealed the fact of Pinkerton's investigation and report. The report itself revealed that Pinkerton's consciously sought to keep Jones from discovering its investigation. 700 S.W.2d at 457.

Jones sued Pinkerton's on January 6, 1977, contending the report libeled him. Pinkerton's moved for summary judgment arguing that the libel action was barred by the statute of limitations. It stated that the action accrued for statute of limitations purposes when the report was delivered to Jones' employer sometime before his termination in November 1974. The trial court sustained the motion and entered judgment for Pinkerton's. *Id.*

The appellate court reversed. The court acknowledged that a plaintiff's reputation interest is invaded at the time of publication of the allegedly defamatory statements and arguably that is the time when damage is sustained. *Id.* at 458. The analysis does not end there, however, as section 516.100 states that a cause of action shall be deemed to accrue "when the

damage resulting therefrom is sustained and is capable of ascertainment." *Id.*

The *Jones* court concluded that the existence of the libel and any damage to his reputation were not ascertainable by Jones. The actions of his employer and Pinkerton's prevented him from becoming aware of the report. Therefore, these actions erected an "intervening screen" hiding any wrong to Jones. Until he received the service letter dated January 9, 1975, Jones had no notice of his cause of action, and the statute of limitations was tolled until that notification. *Id.* at 459. The court emphasized it was not equating "capable of ascertainment" with a discovery test. *Id.* Rather, it was developing the principle that a statute is tolled when factors outside the plaintiff's control prevent his knowing either that he has suffered a legal wrong or that he has been damaged because of a legal wrong. *Id.* at 460.

■ We believe the principle enunciated in *Jones* is applicable to the instant case. Dr. Bailey made the allegedly defamatory statements between May 1 and September 15, 1996. The actions of patient and his wife in telling Dr. Kennedy they had switched doctors because of insurance problems erected an "intervening screen" hiding any wrong against Dr. Kennedy. As did the plaintiff in *Jones*, he attempted to obtain an explanation but received misleading answers. Dr. Kennedy was not aware he had suffered any legal wrong until he received a copy of patient's wife's deposition in which she revealed Dr. Bailey's statements. Therefore, the statute was tolled until that time.

■ Dr. Bailey erroneously maintains Dr. Kennedy is required to plead that Dr. Bailey actively concealed the statements he allegedly made concerning Dr. Kennedy. We discern no such requirement. Rather, the statute of limitations is tolled when factors outside the plaintiff's control prevent his ascertainment of any legal wrong. See *Jones*, 700 S.W.2d at 459; *Finnegan v. Squire Publishers, Inc.*, 765 S.W.2d 703, 706 (Mo.App.1989). The defendant does not necessarily have to be the one preventing ascertainment.

Dr. Kennedy's petition sufficiently shows that the actions of patient and his wife, which were outside Dr. Kennedy's control, prevented Dr. Kennedy from ascertaining he had been slandered. It further shows that Dr. Kennedy filed his lawsuit well within the two-year limitations period of when he became informed of the statements. Therefore, the trial court erred in dismissing Dr. Kennedy's petition as untimely. Point I is granted.

In his second point Dr. Kennedy argues that in the event we find his slander claim barred by section 516.140, a different statute of limitations should apply to his claim for injurious falsehood. As we have found that his petition was timely filed, we need not address Dr. Kennedy's second point.

Dr. Bailey further argues that regardless of our resolution of the statute of limitations issue, the trial court did not err in dismissing Dr. Kennedy's petition because the alleged defamatory statements are opinions rather than actionable facts.

■ In reviewing an action sustaining a motion to dismiss, we will affirm the dismissal if it can be sustained on any ground stated in the motion regardless of whether the trial court relied on that ground. *Hoag v. McBride & Son Inv. Co., Inc.*, 967 S.W.2d 157, 172 (Mo.App.1998); *Property Exchange & Sales, Inc. v. King*, 822 S.W.2d 572, 573 (Mo.App.1992).

■ Defamation analysis is comprised of two components. *Pape v. Reither*, 918 S.W.2d 376, 380 (Mo.App.1996). First, the court must determine whether the alleged statement is defamatory at all. *Id.* Such a determination is a question of law. *Id.* at 379. Statements which falsely impute conduct incompatible with one's business, trade, or profession are defamatory per se. *Id.* at 380. The words used must impute a lack of knowledge, skill, capacity, or fitness to perform one's duties, or fraud, want of integrity, or misconduct

in the line of one's calling. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 311 (Mo. banc 1993).

■ According to Dr. Kennedy's petition, Dr. Bailey stated to both patient and his wife that Dr. Kennedy performed unnecessary surgery and did so for monetary purposes. Such statements certainly impute lack of skill and want of integrity on Dr. Kennedy's part. Therefore, under the first prong of defamation analysis, the alleged statements are defamatory.

■ Once the statement is found to be defamatory, the court inquires as to whether one or more privileges, such as the one applicable to statements of opinion, shelters the defaming party from legal action. *Pape*, 918 S.W.2d at 380. This determination is also a question of law. *Diez v. Pearson*, 834 S.W.2d 250, 252 (Mo. App.1992). The decision as to whether the alleged defamatory statements constitute statements of fact or expressions of opinion must be made not only on the basis of the words themselves, but also after consideration of all relevant attending circumstances. *Henry v. Halliburton*, 690 S.W.2d 775, 789 (Mo. banc 1985).

We conclude that this matter is not sufficiently developed at this stage in the proceedings for us to make a decision as to whether the statements are statements of fact or expressions of opinion. The record consists of Dr. Kennedy's petition and Dr. Bailey's motion to dismiss, along with memorandums in support of each. There are no depositions, affidavits, or other supporting documents which could expound on the circumstances surrounding Dr. Bailey's making of the statements, allowing an informed decision on the matter. Therefore, we are unable to rule that Dr. Bailey's statements are protected by the opinion privilege at this stage of the proceedings.

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

LAWRENCE G. CRAHAN, J., and ROBERT E. CRIST, Sr.J., concur.