**MICHIGAN DEPARTMENT OF SOCIAL SERVICES, ex rel. D.H., Appellant,**

v.

**K.S., Respondent.**

No. 64249.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 3, 1994.

Leah B. Haub, Donna L. Offner, Timothy A. Braun, St. Charles, for appellant.

Marc S. Wallis, Newman & Bronson, St. Louis, for respondent.

AHRENS, Judge.

This is an action brought under the Uniform Reciprocal Enforcement of Support Act

(URESA)[1] to establish the paternity of and order support for a minor child. The responding court sustained the putative father's motion to dismiss and ruled that the cause of action was time barred by the five year statute of limitations set forth in § 210.826.1(2) RSMo (Supp.1987). We affirm.

The marriage between D.H. (mother) and L.H. (presumed father) was dissolved on November 16, 1984. The dissolution court's findings set forth in the Decree of Dissolution included that no children were born of the marriage and that mother was not pregnant.

On September 9, 1985, 297 days after her divorce from presumed father, she gave birth to D.M.H. (child). Mother alleges the father of child is K.S. (putative father) and claims he is the only man she had sexual intercourse with during the child's conception period. Putative father is a Missouri resident. At the time of filing, mother was a Michigan resident. In April, 1992, mother filed a petition with the Michigan Department of Social Services (MDSS) to establish the paternity of child and to order support from putative father pursuant to URESA. This case was transferred to Missouri as the responding state in June, 1992.

The responding court found the petition time barred by the provisions contained in the Uniform Parentage Act (UPA). §§ 210.817–210.852 RSMo (Supp.1987). The UPA presumes a man to be the father of a child if the man and the child's natural mother were married to each other and the child was born within three hundred days after the marriage was dissolved. § 210.822.1(1) RSMo (Supp. 1987). An action rebutting this presumption must be brought within a reasonable time after obtaining knowledge of the relevant facts, but in no event later than five years after the child's birth. § 210.826.1(2) RSMo (Supp.1987). Once this presumption has been rebutted, the paternity of the child by another man may be established. *Id.* Child was born 297 days after mother and presumed father were divorced. Since the petition was filed more than five years after the

child's birth and the presumption that presumed father was child's natural father had not been rebutted, the responding court found that the action seeking to establish a relationship between putative father and child was barred under the UPA.

Mother and MDSS appeal from the responding court's order dismissing the petition. In their first point, they claim the responding court erred in dismissing the petition because it is fundamentally unfair to apply the statute of limitations contained in the UPA to a case brought under the URESA and initiating in Michigan where Michigan has not adopted the UPA.

■ The URESA is designed to facilitate the enforcement of child support obligations across state lines. The duties of support enforceable under this act are those which are imposed or imposable under the law of the state where the obligor was present during the period for which support is sought. § 454.070 RSMo 1986. Putative father is a resident of Missouri and has been in this state throughout the period for which support is sought. Missouri law controls in determining any support obligations.

■ Missouri courts have held that the paternity of a child may be determined in an action brought under the URESA. *State of Iowa v. Troutman*, 623 S.W.2d 269 (Mo.App. 1981). In addition, the Missouri Legislature adopted the 1968 amendment to the URESA which authorizes the responding court to adjudicate the paternity issue if the obligor asserts the defense that he is not the father of the child. § 454.200.3 RSMo 1986. However, the URESA does not provide specific procedures for determining the paternity of the child.

■ In determining the proper method for establishing paternity we note that the remedies provided by the URESA are in addition to and not in substitution for any other remedies. § 454.030 RSMo 1986. In addition, we recognize that the UPA, as adopted by Missouri, establishes a comprehensive statutory

---

1. The Uniform Reciprocal Enforcement of Support Law has been adopted by the State of Missouri and the State of Michigan. See §§ 454.-010–454.360 RSMo 1986 and MCL §§ 780.151—780.183 (1990).

method for the determination of paternity. §§ 210.817–210.852 RSMo (Supp.1987). When faced with statutes involving similar or related subject matter, we should construe the statutes harmoniously to give effect to each. *State v. Knapp,* 843 S.W.2d 345, 347 (Mo.banc.1992).

We hold that the issue of paternity in an interstate URESA action shall be determined according to the procedures set forth in the UPA as adopted by the Missouri Legislature. *See Borchers v. McCarter,* 592 P.2d 941, 944 (Mont.1979). It is well established that the UPA is the exclusive means for determining paternity in Missouri. *P.L.K. v. D.R.K.,* 852 S.W.2d 366, 368 (Mo.App.1993). The UPA was adopted with the general purpose of making uniform the law in respect to paternity. *Poole Truck Lines, Inc. v. Coates,* 833 S.W.2d 876, 877 (Mo.App.1992); § 210.-850 RSMo (Supp.1987). We cannot find the responding court erred in applying the UPA to this case; such a holding would frustrate the purpose of the UPA and deprive litigants of the procedural protections provided by the UPA.

Mother and MDSS also argue that if the UPA statute of limitations is used, child will remain illegitimate forever. However, child is not a party to this action. Although the record reflects the appointment of a guardian ad litem for child, child was not named as a party and there was no service of process on child. See Rule 52.02. Accordingly, child is not bound by the trial court's dismissal of the claims of mother and MDSS. We note that mother and MDSS did not challenge the constitutionality of the UPA statute of limitations in the trial court or in this appeal. Although the issue is not before us, our Supreme Court has held a two year medical malpractice statute of limitations constitutionally infirm in violation of a minor's right of access to our courts under Mo. Const. Art. I, § 14. *Strahler v. St. Luke's Hosp.,* 706 S.W.2d 7 (Mo.banc 1986).

The dissent adopts appellant's assertion that the UPA statute of limitations is "fundamentally unfair." However, when the legislature adopted the UPA in 1987, it repealed § 516.107 RSMo 1986, the general statute of limitations for paternity actions. We believe this evidences the legislative intent to utilize the UPA limitations periods in Missouri paternity proceedings. The dissent suggests that the general five year statute of limitations set forth in § 516.120 RSMo 1986 is applicable and would allow recovery for child support for the past five years. We believe it is inappropriate to allow recovery for child support until paternity is established. The trial court was unable to determine if putative father was child's natural father and thus could not award child support. The dissent also suggests that § 516.-170 RSMo 1986 may be used to toll the child's action to establish paternity. We believe this section is inappropriate for two reasons. First, the provisions of Chapter 516 "shall not extend to any action which is or shall be otherwise limited by any statute; but shall be brought within the time limited by such statute." § 516.300 RSMo 1986; *Bregant by Bregant v. Fink,* 724 S.W.2d 337, 338 (Mo.App.1987). The UPA provides a special statute of limitations which must carry its own exceptions. *See Norden v. Friedman,* 756 S.W.2d 158, 163 (Mo.banc.1988). Second, this action was not brought by child; thus, any remedies child might pursue are not before this court. The concerns expressed by the dissent are properly for the legislature, or for an action in which the constitutional issues are before the court.

We hold that the responding court properly found this case barred by the five year statute of limitations when the petition was filed more than five years after the child's birth, child had a presumed father, and the presumption that presumed father was child's natural father had not been rebutted. § 210.826.1(2) RSMo (Supp.1987). Point denied.

In their second point, mother and MDSS note that the statute of limitations contained in § 210.826.1(2) (Supp.1987), which bars an action brought after the child's fifth birthday to determine the nonexistence of a father when there is a presumed father, was eliminated, effective August 28, 1993. They argue a change in the statute of limitations is procedural and the new law applies in this case. Under the new law, an action to determine

the nonexistence of a presumed father may be brought at any time. § 210.826 RSMo (Supp.1993).

■ The responding court correctly dismissed this action. Once an original statute of limitations expires and bars a cause of action, the defendant has acquired a vested right to be free from suit. *Doe v. Roman Catholic Diocese of Jeff. City*, 862 S.W.2d 338, 341 (Mo.1993). Child's fifth birthday was September 9, 1990. This action was filed with MDSS on April 24, 1992, and is untimely. A change in the statute of limitations will not revive a cause of action which has already expired. Point denied.

Judgment affirmed.

CARL R. GAERTNER, J., concurs.

GRIMM, P.J., dissents in separate opinion.

GRIMM, Presiding Judge, dissenting.

I dissent. The majority opinion usurps a legislative function by engrafting the Uniform Parentage Act (UPA) onto the Uniform Reciprocal Enforcement of Support Act (URESA). Further, by so doing, the State of Michigan is barred from recovering funds it has expended from the child's alleged father.

### I. Background

Affidavits and pleadings disclose the following. Mother and L.C.H. were married. L.C.H. filed *pro se* for divorce more than 30 days before November 16, 1984. Although mother was served, she did not file any pleadings.

On November 16, 1984, L.C.H. appeared *pro se* in circuit court in St. Charles County. Mother did not appear, and only L.C.H. testified. The trial court found that "no child was born of the marriage of [L.C.H.] and [mother] and that [mother] is not pregnant."

In the matter before us, mother's sworn affidavit states: (1) child was conceived on December 13, 1984, as a result of sexual intercourse with defendant; (2) she did not have sexual intercourse with any other man

30 days before or 30 days after that date; (3) L.C.H. is not the natural father because they "did not have intercourse during the conception period;" (4) she told defendant he is the father of the child; and (5) defendant "admitted he is the father of the child."

Further, her affidavit declares: (1) defendant "offered to pay for [any] abortion/medical expenses," (2) he sent her cards or letters regarding her pregnancy and the child, and (3) she has three named witnesses to her relationship with defendant. Finally, she says that the child resembles defendant and defendant "came to Michigan in February to visit."

Mother applied to the Michigan Department of Social Services for public assistance. She received her first check in June, 1991, when child was almost six years of age.

### II. URESA Action

In April, 1992, at the Michigan Department of Social Services' request, mother executed the necessary papers to initiate this effort to collect past and future child support from defendant. In June, 1992, this URESA action was filed in Michigan and sent to St. Charles County for further proceedings. The URESA action was then served on defendant.

In response, defendant filed a motion to dismiss. He alleged this action was barred by § 210.826.1(2),[1] RSMo Supp.1988 (repealed in part 1993), the UPA statute of limitations. That section, adopted in 1987, and effective July 15, 1987, concerns the nonexistence of the presumed father and child relationship. It provides:

1. A child, his natural mother, ... or the division of child support enforcement may bring an action:

\* \* \* \* \* \*

(2) For the purpose of declaring the nonexistence of the father and child relationship presumed under [other sections,] only if the action is brought within a reasonable time after obtaining knowledge of relevant facts, but in no event later than five years

---

1. All references to this section are to RSMo Supp.1988 (repealed in part 1993). All other statutory references are to RSMo Cum Supp. 1993 unless otherwise indicated.

after the child's birth. After the presumption has been rebutted, paternity of the child by another man may be determined in the same action, if he has been made a party.

Defendant argues that mother's action against him is time-barred. First, he alleges mother did not bring an action against L.C.H., the presumed father, within five years; thus, L.C.H.'s presumption of fatherhood has never been rebutted. Second, he contends that more than five years have elapsed since child's birth; thus, no action to declare the non-existence of the father and child relationship can be brought. As a result, defendant alleges that mother has not met the time requirements of § 210.826.1(2).

The majority opinion recognizes that a paternity action may be "brought under the URESA." Op. at 599. Section 454.200.3 of Missouri's URESA statute specifically provides that "the court may adjudicate the paternity issue.[2]"

Although acknowledging this provision, which Michigan also has,[3] the majority holds that paternity must be "determined according to the procedures set forth in the UPA as adopted by the Missouri Legislature." Op. at 600. This conclusion is erroneous for several reasons.

First, the majority relies on *P.L.K. v. D.R.K.,* 852 S.W.2d 366 (Mo.App.E.D.1993). *P.L.K.* is not applicable because it is not a URESA case. Rather, it involves declaratory judgment actions.

Second, by engrafting the UPA onto URESA, the majority opinion amends Missouri's URESA statute. Legislative amendments should be made by the General Assembly, not this court. As our supreme court said in *Metro Auto Auction v. Director of Revenue,* 707 S.W.2d 397, 402 (Mo.banc 1986), " 'This Court may not engraft upon the statute provisions which do not appear in explicit words or by implication from other words in the

statute.' " (quoting *Wilson v. McNeal,* 575 S.W.2d 802, 810 (Mo.App.E.D.1978)).

Third, neither the model URESA, nor URESA as enacted in Missouri or Michigan, requires the child to be a party. Yet, the UPA requires that the "child shall be made a party." § 210.828.

This is particularly disconcerting in the present action. Michigan fully complied with both Missouri's and its URESA statutes. Michigan has not enacted the UPA. Thus, under the majority's holding, Michigan is penalized for not complying with Missouri's UPA.

Fourth, child is not a party to this action. Thus, although the majority opinion says that "the procedures set forth in the UPA" must be followed, they were not followed here.

On a different note, one other concern needs to be mentioned. Missouri's 1987 enactment of the UPA contains two sections on when actions may be brought, §§ 210.286 and 210.828. A portion of § 210.286 is quoted above; the other sections all relate to a "presumed father."

Here, L.C.H. is the presumed father; however, mother's affidavits say he is not the father. Further, at the divorce hearing, L.C.H. apparently told the court that he was not the father of any child with mother. Thus, even though an action by child could be brought against L.C.H., it apparently would be useless.

The other 1987 statute is § 210.828. Again, that statute speaks of actions when there is "no presumed father." Thus, under the UPA, it appears that actions may be brought only when there is no presumed father. At best, it is unclear whether a child can bring an action under the UPA against a "father" when there is a presumed father.

As the majority notes, the General Assembly amended § 210.826 in 1993. The amendment deleted the five year limitation on actions for declaring the nonexistence of the father and child relationship. However, the

---

**2.** Section 454.200.3 is identical to § 27 of the model URESA Act of 1968. *See Rev. Unif. Reciprocal Enforcement of Support Act* § 27, 9B U.L.A. 393 (1987).

**3.** Section 16a, Revised Uniform Reciprocal Enforcement of Support Act, MCLA § 780.183 ("The court of this state when acting as a responding court may adjudicate the issue of paternity. . . .")

statute still speaks of a child with no presumed father.

My concern is that the UPA as written, under both the original 1987 version and the 1993 amended statute, will not permit the child here to have the opportunity to have defendant declared his father. Such a result is fundamentally unfair.

A child who has not attained the age of majority should not be barred from having a person legally declared his father. How ironic it would be that a child of divorced parents is entitled to his parents' support until age 18 or later, that a child is not competent to enter into a contract until age 18, and yet that an eight year old child is barred from having a person declared his father. Such cannot be the law.

Here, the child's presumed father and natural mother both say that the presumed father is not child's father. Mother says defendant is child's father, he has admitted paternity, and he has visited the child. Mother and the State of Michigan should have the opportunity to prove these statements.

Some might ask what statute of limitations applies to this action to collect past and future child support. In *Allen v. Allen*, 270 S.W.2d 33 (Mo.Div. 2 1954), our supreme court applied the five year statute of limitations, § 516.120. *Id.* at 38. However, it also recognized that child support is an ongoing obligation, and that this statute bars only support due more than five years before the action was instituted. *Id. See also* § 516.-100.

Here, mother first received support from Michigan in June, 1991. Thus, the five year statute would not bar any payments Michigan made to mother for child.

If the question asked is what statute of limitations applies to child's action to have defendant declared his father, it would again appear to be the five year statute. However, under § 516.170, a person under the age of twenty-one may bring an action within that time limit after attaining age twenty-one. Thus, child's action would not be barred.

I would reverse and remand the trial court's judgment.