**STATE of Missouri ex rel., DIVN. OF FAMILY SERVICES, and Angela K. Ross, Individually and as Next Friend of Chloe F. Ross, Plaintiffs/Appellants,**

v.

**Gregory Michael WHITE, Defendant/Respondent.**

No. 71037.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 12, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 9, 1997.

Timothy A. Braun, Patricia M. Kelly, St. Charles, for plaintiffs/appellants.

Suddarth & Koor, Andrew H. Koor, O'Fallon, for defendant/respondent.

PUDLOWSKI, Judge.

This is an appeal from the trial court's dismissal of Angela K. Ross' (mother) and Chloe F. Ross' (child) petition for paternity, medical insurance, child support and reimbursement of necessaries on the grounds of res judicata and collateral estoppel. Because the issue of paternity was never before the administrative hearing officer and because the cause of action at the circuit court was different than the cause of action at the administrative hearing, the decision of the trial court is reversed and remanded with directions.

## I. Background

On February 27, 1993, child was born to mother. Shortly thereafter mother filed an action with the state in the Division of Child Support Enforcement (DCSE) seeking child support for child. On June 22, 1995, the State of Missouri, through the DCSE, issued a "Notice and Finding of Financial Responsibility" (notice) against Gregory White (White). Upon receiving the notice White filed a timely request for an administrative hearing.

A hearing was held on October 24, 1995, in which mother was a party to the action along with the state. However, child was not a party to the action, nor did anyone represent her. At the hearing the state failed to provide mother with counsel, but instead sent an established technician to assist her at the hearing. The technician failed to present any evidence regarding White's paternity. Neither an affidavit of paternity, allegedly filed by White with the Bureau of Vital Records, nor the results of a paternity test, which were allegedly on file, were admitted. The hearing officer reversed the DCSE's decision declaring White to be child's father, stating "the evidence presented at the time of the hearing was not sufficient to create a presumption of paternity in [White] for [child] in accordance with Sections 210.822 RSMo (1994) and 454.485 RSMo(1994)." The hearing officer did not make a determination as to child's paternity, but rather terminated the notice. Neither the state nor mother sought a petition for review of the hearing officer's decision as provided for under the statute.

On January 26, 1996, the state, this time through the Division of Family Services (DFS), filed a petition for declaration of paternity, medical insurance, child support and reimbursement of necessaries (petition) against White. Mother joined the petition. Child joined this suit via mother as her next friend. In response to the petition White filed a motion to dismiss on grounds of res judicata. In May 1996 the trial court sustained White's motion and in its Findings of Fact and Conclusions of Law explained the petition was dismissed on grounds of res judicata and collateral estoppel. From this dismissal mother, child and the state (appellants) appeal.

## II. Appellants' Appeal

The appellants argue on appeal that the trial court erred in holding their petition was barred on the grounds of collateral estoppel

because paternity was not an issue at the administrative hearing. White contends paternity was at issue at the administrative hearing and the finding of the officer met the four requirements necessary to conclude the issue had previously been decided.

■ The doctrine of collateral estoppel, or "issue preclusion" as it is also called, is invoked to prevent parties from trying the same question of fact or the same issue more than once. *Bresnahan v. May Department Stores Co.,* 726 S.W.2d 327 (Mo. banc 1987). In *Bresnahan* the Supreme Court set forth a four-pronged test to determine if collateral estoppel is appropriate:

> The court in reviewing whether the application of collateral estoppel is appropriate should consider: 1)whether the issue decided in the proper adjudication was identical with the issue presented in the present action; 2)whether the prior adjudication resulted in a judgment on the merits; and 3)whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication. [Cites omitted]. Most courts have added a fourth factor ... whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. [Cite omitted].

*Bresnahan,* 726 S.W.2d at 330. The *Bresnahan* court recognized the doctrine of collateral estoppel could apply where the prior adjudication was an administrative hearing. A disputed fact issue litigated before an administrative tribunal could not later be relitigated if the administrative proceeding met the four-pronged test. *Id.* The appellants contend the issue of paternity was never before the hearing officer and thus the issue at the administrative hearing was different than the issue in the paternity petition. We agree.

■ The sole issue before the administrative hearing officer in the instant case was whether evidence was presented showing White was the presumed father. Section 454.485.1 RSMo 1994. In finding the appellants had failed to present evidence showing

White was the presumed father, the hearing officer dismissed the DCSE's notice but made no definitive determination whether White was child's father.[1] Thus, whether White was child's father was never an issue decided by the hearing officer, only whether White was the child's presumed father. For this reason, the issue in the petition was not the same as the issue decided by the administrative hearing officer. Therefore, barring the appellants' petition on grounds of collateral estoppel was improper.

■ The appellants also argue the trial court's dismissal of their petition on grounds of res judicata was improper. We agree. As with the doctrine of collateral estoppel, there is a four-pronged test used to determine whether the doctrine of res judicata should apply in a particular case: "In order to have estoppel by a former judgment [res judicata], there must be: 1) identity of the thing sued for; 2) identity of the cause of action; 3) identity of the persons and parties to the action; and 4) identity of the quality of the person for or against whom the claim is made." *Fleming v. Mercantile Bank & Trust Co.,* 796 S.W.2d 931, 934 (Mo.App. 1990). In the instant case the doctrine of res judicata was inapplicable because the second element—the identity of the cause of action—was absent.

As discussed above, paternity was not the cause of action at the administrative hearing. Rather, the sole issue was the issue of child support based upon a presumption that White was child's father. The cause of action at the circuit court level was whether White was child's father and whether, if he was child's father, what obligations he owed. The cause of action at the circuit court level did not seek to determine child support based upon a presumption that White was child's presumed father. Sections 454.470 *et seq* and 210.817 *et seq.* Thus, it cannot be said the causes of action were the same at the administrative hearing level and the trial court level. The trial court's decision that appellant's petition was barred by the doctrine of res judicata was improper.

1. This opinion need not, and therefore does not, address whether an administrative hearing officer, as the one in the instant case, has the power to decide a controverted issue of paternity.

The decision of the trial court dismissing appellants' petition on grounds of res judicata and collateral estoppel is hereby reversed and appellants' petition is hereby ordered reinstated.

CRANE, P.J., and GERALD M. SMITH, J., concur.