STATE of Missouri, ex rel. and Gayle
UMELU, et al., Appellants,

v.

Michael D. EDWARDS,
et al., Respondents.

No. WD 53398.

Missouri Court of Appeals,
Western District.

Dec. 16, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 27, 1998.

Application for Transfer Denied
March 24, 1998.

Claire C. McCaskill, Pros. Atty., Lara B.
Webb, Asst. Pros. Atty., Jackson County,
Kansas City, for appellants.

Elister H. Dewberry, Kansas City, for re-
spondents.

Before EDWIN H. SMITH, P.J., BERREY and ELLIS, JJ.

ELLIS, Judge.

The State of Missouri Division of Child Support Enforcement and Gayle D. Umelu, individually and as the next friend of C.J.U., a minor child, appeal from the dismissal of their petition for the establishment of paternity and various orders of support and reimbursement.

Gayle D. and Paul N. Umelu were married in May of 1978. However, the couple separated that December, and Gayle returned to Kansas City.[1] During the summer of 1979, Gayle and her high-school sweetheart, Michael D. Edward, became re-acquainted. In July and August of 1980, they engaged in sexual relations. On April 13, 1981, Gayle gave birth to C.J.U. The child's birth certificate identified Paul Umelu as the father.

On May 25, 1994, the Petitioners filed a paternity action in the Circuit Court of Jackson County pursuant to the Uniform Parentage Act §§ 210.817 through 210.852, RSMo 1987. The petition named Michael Edward as a defendant and sought an order declaring the existence of the father and child relationship between Michael Edward and C.J.U. Additional counts in the petition prayed for an order of current support, a judgment for past support expended by the State of Missouri, and a judgment for past necessary expenses, all against Michael Edward. Paul Umelu was also named as a defendant as a necessary party, but no relief was sought from or against him. Edward answered the petition on July 8, 1994, denying paternity of the child. Umelu, who was served by publication, did not file an answer or otherwise enter an appearance.

On June 12, 1996, Edward moved the court to dismiss the petition on the grounds that Petitioners had failed to state a claim upon which relief could be granted, that the action was barred by the statute of limitations, and that § 210.826, as applied, was unconstitu-

tional. The trial court sustained Edward's motion and dismissed Petitioners' action as time barred by § 210.826.1(2), RSMo 1987. Petitioners appeal.

Under the provisions of the Uniform Parentage Act, Paul Umelu is presumed to be C.J.U.'s father, because he and the child's natural mother were married at the time of the child's birth. § 210.822.1(1).[2] Prior to 1993, an action to rebut this presumption had to be brought "within a reasonable time after obtaining knowledge of relevant facts, *but in no event later than five years after the child's birth.*" § 210.826.1(2), RSMo 1987 (emphasis added). Pursuant to an amendment of that section in 1993, an action may now be brought "at any time." § 210.826.1, RSMo 1994.

On appeal, Petitioners contend the court erroneously dismissed their petition as barred by the five year statute of limitations set forth in § 210.826.1(2), RSMo 1987, and should have instead applied the amended version of § 210.826.1 because the action was brought after the effective date of the amendment. Petitioners suggest that the 1993 amendment is procedural in nature and, therefore, must be applied retrospectively.

Retrospective laws "take away or impair rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past." *Doe v. Roman Catholic Diocese,* 862 S.W.2d 338, 340 (Mo. banc 1993) (quoting *Lucas v. Murphy,* 348 Mo. 1078, 156 S.W.2d 686, 690 (1941)). The Missouri State Constitution, Article 1, § 13, forbids the enactment of laws that operate retrospectively to impair a vested right. *State ex rel. Research Medical Ctr. v. Peters,* 631 S.W.2d 938, 941 (Mo.App. W.D. 1982) (citing *Lucas,* 156 S.W.2d at 689). "A litigant has a vested right that a statute shall not revive a cause of action expired by the lapse of limitations." *Peters,* 631 S.W.2d at 941. "Once the original statute of limitations expires and bars the plaintiff's cause of action, the defendant has acquired a vested

---

1. Paul and Gayle were still married as of the time of trial. However, Gayle has had no contact with Paul Umelu since they separated.

2. Once the presumption that the husband is the father has been rebutted, the paternity of the child by another man may be established. *Michigan DSS ex rel. D.H. v. K.S.,* 875 S.W.2d 597, 599 (Mo.App. E.D.1994).

right to be free from suit, a right that is substantive in nature, therefore, article I, section 13, prohibits the legislative revival of the cause of action." *Doe*, 862 S.W.2d at 341.[3]

The Missouri Supreme Court's recent decision in *W.B. and T.B., as next friend for M.E.R. v. M.G.R.*, 955 S.W.2d 935 (Mo. banc 1997), is dispositive of this appeal. In *W.B.*, the mother was married to the Respondent when she gave birth to a daughter, M.E.R., on June 15, 1984. The marriage of Mother and Respondent was subsequently dissolved, and thereafter Mother married W.B. Later still, presumably in 1995,[4] W.B. and the daughter, by her next friend, brought an action pursuant to the Uniform Parentage Act, §§ 210.817—210.852, seeking a declaration of the non-existence of the presumed paternal relationship between the daughter and Respondent, and for a declaration of the paternal relationship between daughter and W.B. The trial court dismissed with prejudice based on the pre–1993 five year statute of limitations contained in § 210.826.1(2), RSMo 1987, and the appeal followed. Our Supreme Court held that the 1993 amendment of the statute could not be applied retrospectively. The Court declared that on the daughter's fifth birthday, June 15, 1989, the "Respondent acquired, under the law as it then existed, a vested right to be free from a suit to challenge his paternity of Daughter. Accordingly, the current version of section 210.826.1, as applied to Respondent, is unconstitutionally retroactive . . . ." in violation of article 1, section 13 of the Missouri Constitution. *W.B.*, Slip op. at 4, at 938–40.

▮ The instant action was likewise brought pursuant to the Uniform Parentage Act §§ 210.817—210.852, RSMo 1987.[5] Under that act, Paul Umelu is presumed to be C.J.U.'s father because he was lawfully married to the child's natural mother at the time

of C.J.U.'s birth. § 210.822.1(1). Just as in *W.B.*, pursuant to § 210.826.1(2), RSMo 1987, an action to declare the nonexistence of the presumed father and child relationship between Paul Umelu and C.J.U. was required to be brought by the child's fifth birthday. The child was born on April 13, 1981. Petitioners brought their cause of action on May 25, 1994, well past the child's fifth birthday. The action is, therefore, untimely. The expiration of the five year statute of limitations created a vested right in favor of Paul Umelu to be free from suits challenging his paternity of C.J.U. *W.B.*, 955 S.W.2d at 937–38. It likewise created a concomitant vested right in favor of Michael D. Edward to be free from suits designed to establish his paternity, for it is only when the presumption that the mother's husband at the time of the child's birth is rebutted that the paternity of the child by another man may be established. *Michigan DSS ex rel. D.H. v. K.S.*, 875 S.W.2d 597, 599 (Mo.App. E.D.1994). The Court in *W.B.* explained the rationale for the policy:

The statute is clearly designed to encourage the creation and maintenance of a relationship between a child and a father. Hence, where no such relationship exists, the act allows a putative father to claim paternity. In contrast, when another man has an existing paternal relationship with a child, the law seeks to protect it by only allowing it to be challenged for five years after the child's birth, and then only by members of the family that would be disrupted by its termination. This scheme supports the legitimate state interest of protecting paternal relationships and does not violate equal protection.

*W.B.*, 955 S.W.2d at 938.

In this regard, we note that the Court in *W.B.* also rejected the daughter's claim that the five year statute of limitations violated

---

3. The bar to retrospective legislation has traditionally been applied only to substantive laws. *Doe*, 862 S.W.2d at 340. Substantive laws relate to the rights and duties giving rise to a cause of action, whereas procedural laws relate to processing the cause of action. *Id.*

4. It is unclear from the Court's opinion exactly when the case ultimately decided by the Court was filed. Apparently, an action was commenced in 1993, which the trial court dismissed,

and the Eastern District of this court upheld the dismissal but directed that it was without prejudice. *W.B. v. M.G.R., T.J.R. and M.E.R.*, 905 S.W.2d 134, 135–36 (Mo.App. E.D.1995).

5. When the legislature adopted the UPA in 1987, it repealed § 516.107 RSMo 1986, the general statute of limitations for paternity actions. *Michigan DSS ex rel. D.H. v. K.S.*, 875 S.W.2d 597, 600 (Mo.App. E.D.1994).

her right to open courts, due process and equal protection. In doing so, the Court stated:

Daughter has offered no compelling interest in a legal declaration that Respondent is not her father that would override the State's manifest interest in preserving the family by protecting the father-child relationship from attack once it has been presumed for five years. The responsibility and right for resolving these competing interests rests with the legislature. Our deference to that power requires that we do not routinely brand the legislature's policy choices arbitrary and unreasonable. We decline to do so here. Limiting the period during which Daughter was allowed to file suit to prove that Respondent was not her father to five years was not an arbitrary and unreasonable limitation on her right to open courts, and therefore, not unconstitutional.

\* \* \*

As noted above, we find the legislature's decision to limit paternity challenges such as these to the first five years of the child's life—given the weighty interest in protecting the marital unit from delayed litigation regarding paternity and the uncertainty it fosters—is not unreasonable. Accordingly, Daughter's right to due process of law was not violated by the trial court's dismissal of her suit.

\* \* \*

Limiting challenges to the presumed paternity of a man in Respondent's position to five years does not violate equal protection, since it is substantially related to the important governmental objective of maintaining existing paternal relationships.

*W.B.*, 955 S.W.2d at 939–40.

From the foregoing, it is apparent that the trial court did not err in dismissing the petition. Consequently, the judgment is affirmed.

All concur.