**Randoe E. DICE and Sheila M. Dice, Appellants,**

v.

**Christopher DARLING, Respondent.**

**No. WD 55222.**

Missouri Court of Appeals, Western District.

Aug. 18, 1998.

Jo Annette Jacobs, Marshall, for Appellants.

Lawrence R. McClure, Marshall, for Respondent.

Before SPINDEN, P.J., and ULRICH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Randoe Eric Dice (Randoe) and his mother, Sheila Dice (Sheila), appeal the judgment of the circuit court dismissing their three-count Uniform Parentage Act (UPA), § 210.817[1] *et seq.*, petition against Christopher Darling, respondent, for: (1) a determination and declaration of the existence of a father and child relationship between Randoe and the respondent; (2) an award of child support; and, (3) an award of past support and expenses as being time-barred by the statute of limitations, § 210.828.1.[2]

The appellants raise two points on appeal. In Point I, they claim in three subpoints that the trial court erroneously declared and applied the law in dismissing their petition as being time-barred by § 210.828.1, as a result of Randoe's reaching his eighteenth birthday on August 19, 1993, which was prior to the filing of their petition, because the statute of limitations in § 210.826.1 applied, allowing a

---

**1.** All statutory references are to RSMo 1994, unless otherwise indicated.

**2.** All references to § 210.828.1 are to RSMo Supp.1992.

paternity action to be brought at any time where there is a presumed father, in that, in applying § 210.822.1(5), which became effective July 1, 1994, the respondent's blood test results established that he was Randoe's presumptive father. In Point II, the appellants claim that the trial court erred in dismissing Counts II and III of their petition requesting an award of child support, and past support and expenses, respectively, because their dismissal was based on an erroneous determination by the trial court that Count I of the appellants' petition was time-barred by the statute of limitations in § 210.828.1.

We affirm.

## Facts

The respondent and Sheila engaged in sexual intercourse with each other during the months of November and December, 1974. Randoe was born to Sheila on August 19, 1975, and turned eighteen years of age on August 19, 1993.

Sheila was involved in an ongoing relationship with another man at the time of Randoe's conception. The appellants believed that this man was Randoe's father until paternity test results excluded him as such in June or July, 1996. Thereafter, upon the appellants' request, the respondent voluntarily submitted to a paternity test on January 9, 1997. The test results reflected that the respondent could not be excluded as Randoe's biological father, and that the probability of his paternity was 99.96%.

On February 28, 1997, the appellants filed a three-count UPA petition in the Circuit Court of Saline County, Missouri, seeking: (1) a determination and declaration of the existence of a father and child relationship between Randoe and the respondent; (2) an award of child support; and, (3) an award of past support and expenses. On March 4, 1997, the respondent filed his answer to the appellants' petition and motion to dismiss, asserting in the motion that the appellants' petition was time-barred by the statute of limitations in § 210.828.1, which barred any paternity action filed after a child's eighteenth birthday, unless the child had a presumptive father.

After a hearing on the motion to dismiss, both parties were permitted to file suggestions in support or opposition to the motion. The appellants were permitted to file an amended petition to cure defects in Count III. The appellants filed their first-amended petition on May 22, 1997. On November 26, 1997, the trial court sustained the respondent's motion to dismiss and dismissed with prejudice the appellants' paternity action as being time-barred by the statute of limitations in § 210.828.1.

This appeals follows.

## Standard of Review

Our review of a dismissal of a petition as being time-barred by the expiration of the applicable statute of limitations requires an examination of the pleadings, allowing them their broadest intendment, all facts alleged being treated as true, and construing allegations favorably to the plaintiff. *K.G. v. R.T.R.*, 918 S.W.2d 795, 797 (Mo. banc 1996) (citing *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993)). "When an affirmative defense is asserted, such as a statute of limitation[s], the petition may not be dismissed unless it clearly establishes 'on its face without exception' that the action is barred." *K.G.*, 918 S.W.2d at 797 (quoting *Sheehan v. Sheehan*, 901 S.W.2d 57, 59 (Mo. banc 1995)).

## I.

In Point I, the appellants claim in three subpoints that the trial court erroneously declared and applied the law in dismissing their petition as being time-barred by § 210.828.1, as a result of Randoe reaching his eighteenth birthday on August 19, 1993, which was prior to the filing of the petition, because the statute of limitations in § 210.826.1 applied, allowing a paternity action where there is a presumed father to be brought at any time, in that in applying § 210.822.1(5), which became effective on July 1, 1994, the respondent's blood test results established that he was Randoe's presumptive father. We disagree.

In their first and second subpoint, the appellants claim that the respondent's voluntary submission to blood testing, after the

statute of limitations in § 210.828.1 had expired and the date the amendment to § 210.822.1(5) went into effect, acted as an "abandonment" and knowing "waiver" of his right to be free from suit as a result of the running of § 210.828.1. And, in their third subpoint, they claim that since the amendment to § 210.822, creating the presumption of paternity for a positive blood test, does not specifically provide for a time limit within which an initial presumption of paternity must be established, such a presumption could be created after the running of the statute of limitations in § 210.828.1, allowing a paternity action to be brought under § 210.826.1 at any time. All three subpoints involve the interplay between § 210.822.1(5), as amended; § 210.826.1; and, § 210.828.1. In all three subpoints, the appellants are claiming that the presumption of paternity created by the amendment to § 210.822 should apply, rendering § 210.826.1 the applicable statute of limitations, rather than § 210.828.1, and permitting their paternity action against the respondent to be brought at any time.

Section 210.826.1 states, in pertinent part, that "[a] child [or] his natural mother ... may bring an action at any time for the purpose of declaring the existence ... of the father and child relationship...." Section 210.828.1, prior to its amendment which became effective on July 1, 1994, stated, in pertinent part, that a cause of action to establish paternity "as to a child who has *no presumed father* under section 210.822 may not be brought later than eighteen years after the birth of the child...." (Emphasis added.) The amendment to § 210.822, effective on July 1, 1994, added a presumption of paternity where "[t]he experts conclude that [a] blood test[ ] show[s] that the alleged parent is not excluded and that the probability of paternity is ninety-eight percent or higher, using a prior probability of 0.5." § 210.822.1(5).

Here, it is undisputed that at the time of Randoe's eighteenth birthday, August 19, 1993, he did not have a presumed father under § 210.822, as it existed prior to its amendment in 1994. Thus, under the existing law at the time of Randoe's eighteenth

birthday, the applicable statute of limitations, § 210.828.1, had run, barring the appellants' paternity action against the respondent. The issue then is whether in one or more of the respects claimed in their three subpoints in Point I the presumption created by § 210.822.1(5) could be applied after the running of § 210.828.1 to allow the appellants' paternity action to be brought against him under § 210.826.1.

In both subpoints A and B, the appellants admit that the statute of limitations of § 210.828.1 had run on their paternity action against the respondent when Randoe reached his eighteenth birthday on August 19, 1993, vesting in the respondent a substantive right to be free from such suit, which prohibited legislative revival of their cause of action as violative of MO. CONST. art. 1, § 13. *See Doe v. Roman Catholic Diocese,* 862 S.W.2d 338, 341 (Mo. banc 1993); *W.B. v. M.G.R.,* 955 S.W.2d 935, 937 (Mo. banc 1997); *Missouri ex rel. Umelu v. Edwards,* 963 S.W.2d 670, 671–72 (Mo.App.1997). However, they contend that their claim, that amended § 210.822.1(5) should apply in allowing their suit to be brought under § 210.826.1, does not involve a prohibited retrospective application of amended § 210.822.1(5) to revive their paternity action. What they are contending in subpoints A and B respectively, is that, by voluntarily submitting to paternity testing after the effective date of amended § 210.822.1(5), the respondent either "abandoned" or "waived" his vested right to be free from a paternity suit by them and accepted the consequences of a positive blood test, or in other words, the appellants bringing suit pursuant to § 210.826.1. We disagree.

In subpoint A, the appellants cite no authority nor explain why authority could not be provided for the proposition that the respondent had "abandoned" his substantive right to be free from suit by them by submitting to blood testing after the effective date of § 210.822.1(5). As such, their claim must fail. *Carlund Corp. v. Crown Ctr. Redevelop.,* 910 S.W.2d 273, 278 (Mo.App.1995) (holding that a point of error not supported by citation of relevant authority and is without explanation as to why authority is not avail-

able is deemed abandoned under Rule 84.04(d)). Moreover, even if the reason for lack of authority was because the issue is one of first impression, they offer no rationale for establishing an "abandonment" rule as they suggest and their claim still must fail. They only argue that by amending § 210.822 to establish a presumption of paternity for a positive blood test result, paternity testing "took on new legal significance," which, essentially, would allow suit to be brought at any time against a presumed father who voluntarily submitted to testing after the effective date of the amendment. While we would agree that § 210.822 took on new legal significance upon being amended, we hold it was only in those cases where a cause of action had not yet been time-barred.

The fact is that this argument of the appellants fails to explain why the abandonment rule for which they argue should be adopted. It appears to be nothing more than an attempt to avoid the prohibition against legislatively reviving a cause of action that has already been time-barred. The appellants fail to offer any explanation as to how the "new legal significance" attached to the amendment of § 210.822.1(5), coupled with the respondent's voluntarily submitting to a paternity test after the effective date of the amendment, worked to abandon his substantive right to be free from a paternity suit by them, other than by offering a hypothetical for our consideration. The appellants ask us to consider the hypothetical situation of a motor vehicle driver not stopping at an intersection of two city streets on successive days where the first day there were no stop signs and the second day there were and the fact that constitutionally a traffic citation could not be issued for his not stopping on the first day, but could for the second. We fail to see how this hypothetical supports the appellants' argument. If anything, it proves the opposite of their point. Just as the mere placement by the city fathers of the stop signs at the intersection on the second day could not constitutionally work to create a violation, or cause of action, for an act that occurred on the first day, the amendment to § 210.822, making a positive blood test a circumstance or "sign" for determining when a paternity action could be brought, could not

constitutionally create or revive a paternity action which, as a matter of substantive right, was already time-barred. *See Doe*, 862 S.W.2d at 341; *W.B.*, 955 S.W.2d at 937; *Umelu*, 963 S.W.2d at 671–72.

■ We now turn to the appellants' subpoint B and their claim therein that the respondent had "waived" his substantive right to be free from suit acquired by the running of the statute of limitations in § 210.828.1. The law is well settled that the affirmative defense of "the statute of limitations is non-jurisdictional and can be waived." *Longhibler v. State*, 832 S.W.2d 908, 911 (Mo. banc 1992). In this respect, the appellants argue that the respondent, by submitting to a blood test after the effective date of § 210.822.1(5) and applying the presumption created therein, waived the bar of the statute of limitations of § 210.828.1. We disagree.

■ "It is well settled [that] a waiver is the intentional relinquishment of a known right." *Sherwood Estates Homes Ass'n v. Watt*, 579 S.W.2d 851, 853 (Mo.App.1979) (citations omitted). The defense of "[t]he statute of limitations may be waived if there is a clear, unequivocal and decisive act of the party showing such purpose." *Forry v. Department of Natural Resources*, 889 S.W.2d 838, 845 (Mo.App.1994) (citations omitted). Here, the appellants point us to nothing in the record, except the mere act of submitting to the blood test, to show that the respondent made an intentional and knowing waiver of his substantive right to be free from suit which he acquired when the statute of limitation of § 210.828.1 expired on Randoe's reaching his eighteenth birthday on August 19, 1993. As the respondent contends in his brief, his voluntary submission to blood testing could be interpreted to mean just the opposite of a clear, unequivocal waiver of his right to be free from suit, giving the following examples:

I'll permit blood to be drawn, but I will never waive my right to be free from a paternity suit.

I'll permit blood to be drawn, because maybe it will prove once and for all that I am not the father, but I will never waive my right to be free from a paternity suit.

I'll permit blood to be drawn, and after we get the results back I'll decide whether or not I will waive my right to be free from a paternity suit.

We agree. In our view, there is nothing in the record to suggest that the respondent ever intended to waive his statute of limitations defense by submitting to blood testing. As such, the appellants did not carry their burden of proof to establish a clear, unequivocal waiver by the respondent of his right to be free from suit, and thus their claim of waiver in subpoint B must fail. *Id.*

■ In subpoint C, the appellants claim that since the amendment to § 210.822, creating the presumption of paternity for a positive blood test, does not specifically provide for a time limit within which an initial presumption of paternity must be established, such a presumption could be created after the running of the statute of limitations in § 210.828.1, allowing a paternity action to be brought by the appellants against the respondent under § 210.826.1 at any time. They fail to cite us to any authority for their claim nor do they indicate why they fail to do so. As such, their claim must fail. *Carlund Corp.*, 910 S.W.2d at 278. However, even if we are to assume, *arguendo*, that this is a case of first impression where there was no authority to cite, appellants' claim must still fail.

■ In support of their claim in subpoint C, the appellants contend in their brief that:
> The UPA, in all its amended forms since 1987, clearly contemplates that a presumption of paternity that was not established before the running of the applicable statute of limitations under § 210.828.1, RSMo. may be established thereafter and that on the basis of that late-blooming presumption a paternity action may be brought.

This argument is totally without merit in that it ignores the fact that once a statute of limitations has run, a party acquires a substantive right to be free from further suit and an amended statute cannot be applied to revive the cause of action in that it would contravene Mo. Const. art. 1, § 13, prohibiting the retrospective application of a law affecting a substantive right. *Doe*, 862 S.W.2d at 341.

For the reasons stated, we find the trial court did not err in dismissing Count I of appellants' petition seeking a determination and declaration of the existence of the father and child relationship between Randoe and the respondent.

Point denied.

## II.

In Point II, the appellants claim that trial court erred in dismissing Counts II and III of their petition for an award of child support, and past support and expenses based on the running of the statute of limitations, § 210.828.1, because, as they claim in Point I, § 210.826.1, not § 210.828.1, should apply, allowing their paternity action to be brought at any time where there is a presumed father.

■ It goes without saying that child support and past support and expenses will not be awarded in a paternity action until paternity has been established. *Michigan Dep't of Social Servs. ex rel. D.H. v. K.S.*, 875 S.W.2d 597, 600 (Mo.App.1994); *M.G. v. G.M.B.*, 897 S.W.2d 218, 220 (Mo.App.1995). Thus, because we found in Point I, *supra*, that the trial court acted properly in dismissing Count I of the appellants' petition to establish the respondent's paternity of Randoe as being time-barred by the statute of limitations in § 210.828.1, it did not err in dismissing Counts II and III of the appellants' petition.

Point denied.

## Conclusion

The judgment of the circuit court dismissing the appellants' UPA petition for a determination of the existence of a father and child relationship between Randoe and the respondent, an award of child support, and an award for past support and expenses as being time-barred by the expiration of the statute of limitations in § 210.828.1 is affirmed.

All concur.